Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
)
IN RE:                            )    CASE NO.        07-32930 (LMW)
                                  )
  VILLAGE WALK, LLC,              )    CHAPTER         11
                                  )
           DEBTOR.                )    DOC. I.D. NOS.  43, 48, 55
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

| | |
|---|---|
| Michael W. Sheehan, Esq.<br>Conway & Londregan, P.C.<br>38 Huntington Street<br>New London, CT 06320 | Attorney for Movant Savings Institute<br>Bank and Trust Company |
| Mr. Vincent Cimino<br>Village Walk, LLC<br>161 East Main Street<br>Clinton, CT 06413 | Managing Member of Debtor |
| Holley L. Claiborn, Esq.<br>One Century Tower<br>265 Church Street, Ste. 1103<br>New Haven, CT 06510 | Attorney for United States Trustee |

### BRIEF MEMORANDUM AND ORDER GRANTING MOTION
### TO DESIGNATE DEBTOR AS SINGLE ASSET REAL ESTATE ENTITY

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** Savings Institute Bank and Trust Company (the "Movant"), a secured creditor in this case, has filed that certain Motion To Designate Debtor as Single Asset Real Estate Entity (Doc. I.D. No. 43, the "Motion");[1]

---

[1] Citations herein to the docket of this case appear in the following form: "Doc. I.D. No. ___."

**WHEREAS,** the above-captioned debtor in possession (the "Debtor") has filed that certain Objection to Motion To Designate Debtor as a Single Asset Real Estate Entity (Doc. I.D. No. 48, as amended by Doc. I.D. No. 55, the "Objection");

**WHEREAS,** the Motion and the Objection came on for a non-evidentiary hearing (the "Hearing") on February 20, 2008;

**WHEREAS,** at the Hearing the court elected (and the parties consented) to apply to the foregoing contested matter the procedures of Rule 7056 ("Rule 7056") of the Federal Rules of Bankruptcy Procedure (*see also* Fed. R. Bankr. P. 9014 (making Rule 7056 applicable to contested matters)) and Local District Court Rule 56 ("Local Rule 56") for this district. The court directed the Movant to file its Local Rule 56 support for the Motion on or before March 4, 2008, and the Debtor to file its Local Rule 56 response (the "Response") on or before March 7, 2008 (collectively, the "Rule 56 Schedule");

**WHEREAS,** the Movant complied with the Rule 56 Schedule on March 4, 2008. (*See* Doc. I.D. No. 51 (Movant's Local Rule 56(a)(1) Statement of Facts and Memorandum of Law in Support of its Motion To Designate Debtor as Single Asset Real Estate Entity).);[2]

**WHEREAS,** on March 7, 2008, the Debtor filed a motion (Doc. I.D. No. 52) to extend the time to file the Response to March 14, 2008 to which the Movant filed an objection (Doc. I.D. No. 54). A hearing on that motion and the objection was held on March 13, 2008 and the motion was

---

[2] The Statement of Facts (the "Movant's Statement") and the Memorandum of Law were filed as a single document.

granted. (*See* Doc. I.D. No. 61.) On March 13, 2008, the Debtor filed the Response. (*See* Doc. I.D. No. 59, the "Debtor's Statement.");[3]

**WHEREAS,** the court has reviewed the Motion, the Objection and the respective Local Rule 56 filings and issues this decision;

**WHEREAS,** this court has jurisdiction over this proceeding as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and that certain Order dated September 21, 1984 of this District (Daly, C.J.);[4]

**WHEREAS,** the facts set forth below have been gleaned from the Movant's Statement, all the allegations of which were admitted by the Debtor (*see* Debtor's Statement);

**WHEREAS,** the court accepts the following facts as undisputed:

- The Debtor is the owner and developer of a certain real property located in Clinton, Connecticut (collectively, with the structures and other improvements thereon, the "Property"). (Movant's Statement ¶ 2.)

- The Property is a single parcel of land and is 3.14 acres. (Movant's Statement ¶ 3.)

- On or about June 5, 2006, the Debtor, as declarant, recorded that certain Declaration of Village Walk Clinton, Connecticut (the "Declaration") on the land records of the Town of Clinton. The Declaration was signed by Vincent Cimino, as Managing Member of the Debtor. The recordation of the Declaration created a common interest community pursuant

---

[3] The Debtor's Statement did not include a "Disputed Issues of Material Fact" section (*see* D. Conn. L. Civ. R. 56(a)2) as counsel for the Debtor stated at the hearing on March 13, 2008 that the Debtor did not dispute the facts as asserted in the Movant's Statement but believed only a legal question arose in this matter. The Debtor also did not file a memorandum of law but filed an amended objection (Doc. I.D. No. 55) which cited some legal authority in support of the Objection.

[4] That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . . ."

to the Connecticut Common Interest Ownership Act ("CIOA"), *see* Conn. Gen. Stat. §§ 47-200 *et seq.* (Movant's Statement ¶ 3.)

- Pursuant to the Declaration, a "piece or parcel of land situated in the Town of Clinton, County of Middlesex and State of Connecticut containing 3.14 acres" was submitted to the provisions of CIOA "for the purpose of creating 'Village Walk,' a planned community."[5] The Declaration also created the Village Walk Association, Inc. (the "Association"). (Movant's Statement ¶¶ 4-5, 8.)

- Pursuant to the Declaration, the Debtor reserved Development Rights to "create Units, Common Elements, and Limited Common Elements within the Community Interest Community." (Movant's Statement ¶ 7.)

- Pursuant to the Declaration, all units of the Village Walk planned community, whether residential or commercial, would be members of the Association. (Movant's Statement ¶ 8.)

- Pursuant to the Declaration, all units of the Village Walk planned community, whether residential or commercial, would "own a percentage share of common elements in the community, bear a percentage share of the common expenses of the community, and have a vote in the affairs" of the Association. (Movant's Statement ¶ 9.)

- The Declaration required all unit owners of the Village Walk planned community "to comply with the terms and conditions of the Declaration, Survey and Plans, the Bylaws, and the Rules of Village Walk." (Movant's Statement ¶ 12.)

---

[5] A "planned community" is defined as a "common interest community that is not a condominium or a cooperative. A condominium or cooperative may be part of a planned community." Conn. Gen. Stat. Ann. § 47-202(23) (West 2008).

- "The use and occupancy of all of the units, common elements and limited common elements of the Village Walk planned community . . . [would be] governed by the rules adopted by the Executive Board of the [Association]." (Movant's Statement ¶ 13.)

- The Village Walk planned community currently is comprised of three units (collectively, the "Units"): Unit 1 which is an existing one story residential house (situated on 1.54 acres of the total 3.14 acreage); and Units 14 and 15 which are commercial units. The Debtor owns and/or is the developer of each of the Units. (Movant's Statement ¶ 10.)

- Pursuant to the Declaration, the Debtor reserved the right to construct twelve (12) age restricted residential units in the Village Walk planned community. Those twelve units currently are at various stages of completion. (Movant's Statement ¶ 11.)

- In addition to the construction of the age restricted condominiums, the Debtor also plans to renovate and convert the single family residence into commercial space for rent and to construct a new office building (collectively, with the age restricted condominiums and the single family residence, the "Projects"). (Objection at 2.)

- On or about June 9, 2003, the Planning and Zoning Commission of the Town of Clinton issued a Certificate of Special Exception (the "Certificate") in favor of Vincent A. Cimino with respect to the "[c]onstruction of four buildings for professional offices and elderly housing." (*See* Objection, Exhibit 10.)[6]

---

[6] The copy of the Certificate in the record is illegible. The court relies on the parties' filings for the substance of the Certificate.

- 5 -

- The Debtor's list no assets on its bankruptcy schedules other than the Property. (Movant's Statement ¶ 14.)[7]

- The Debtor "has no cash sales, no lease or rental income, no accounts receivable income, and no other income, and it has no ongoing business operations other than the development of the Village Walk planned community project." (Movant's Statement ¶ 15.)

- The sole managing member of the Debtor is Vincent Cimino. Mr. Cimino resides in Unit 1 and pays no rent to the Debtor. (Movant's Statement ¶ 16.);

**WHEREAS,** "summary judgment is appropriate only if the pleadings and submissions . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *The Andy Warhol Foundation for Visual Arts, Inc. v. Hayes (In re Hayes),* 183 F.3d 162, 166 (2d Cir. 1999). *See also* Fed. R. Civ. P. 56(c) (made applicable here by Rule 7056). The movant bears the burden of establishing the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."). The court must view all ambiguities and draw all reasonable inferences in the light most favorable to the nonmovant. *See Novak v. Blonder (In re Blonder)*, 246 B.R. 147, 150 (Bankr. D. Conn. 2000) (Krechevsky, J.);

---

[7] In its bankruptcy schedule, the Debtor lists the Property as four parcels: a parcel with an address of "1 Village Walk, Clinton" valued at $375,000.00; a parcel with an address of "101-106, 201-206 Village Walk" valued at $2,185,000.00; a parcel with an address of "159 E. Main Street, Clinton, CT" valued at $300,000.00; and a final parcel with an address of "161 E. Main Street, Clinton" valued at $350,000.00. (*See* Doc. I.D. No. 19, Schedule A (Real Property).) In light of the court's determination, the manner of scheduling of the Property by the Debtor is immaterial.

**WHEREAS,** Bankruptcy Code § 101(51B) defines "single asset real estate"to mean:

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental [thereto] . . . .

11 U.S.C.A. § 101(51B) (West 2008);[8]

**WHEREAS,** the only element of Section 101(51B) in dispute here is whether the Units constitute a "single property" or whether the Units and/or the Projects constitute a "single project" within the purview of Section 101(51B);

**WHEREAS,** "to constitute a single project within [the] meaning of Code §§ [sic] 101(51B), the properties must be linked together in some fashion in a common plan or scheme involving their use." *In re The McGreals,* 201 B.R. 736, 742-43 (Bankr. E.D. Pa. 1996);

**WHEREAS,** it is unnecessary for the court to examine whether the Units constitute a "single property" because the court concludes that the Units and the Projects constitute a single . . . project" within the purview of the statute as a matter of law. Here, the Debtor declared the entire Property a planned community and submitted the Property to the CIOA. Under the Declaration, the Debtor reserved the right to develop the Property, including building additional units (both commercial and residential). Under the Declaration, all units (new and old) would be members of the Association, would own shares of the community, would share expenses, would vote on the affairs of the

---

[8] Under the provision, each of three elements must be met for the Debtor to be declared a "single asset real estate" debtor. Here, the Debtor concedes two of the three elements. First, the Property generates substantially all of the income of the Debtor ( although at present, the Property generates no income, *see* Doc. I.D. No 37). *Cf. In re Oceanside Mission Assoc.*, 192 B.R 232, 236 (Bankr. S.D. Cal. 1996) (concluding that "single asset real estate" "includes undeveloped property which generates no income"). Second, no substantial business other than the operation of the Property is being conducted at the Property. (*See* Objection at 1.)

Association and would comply with the bylaws and rules of the Association.  Consequently, the Units and the Projects are wholly subject to the Declaration.  The Property, therefore, is a "single project" with a "common plan or scheme" arising from the Debtor's intent to create and develop a planned community.  The fact that the Certificate authorized multiple projects does not change that result as the Certificate applied to the Property and the Property was subject to the Declaration.  *Cf. In re Webb MTN, LLC*, No. 07-32016, 2008 WL 656271 (Bankr. E.D. Tenn. Mar. 6, 2008) (holding that five separate tracts of land where debtor planned to develop a number of businesses were "part and parcel of one large land development" and therefore comprised a "single project");

**NOW, THEREFORE,** for the reasons set forth above and pursuant to Rule 7056, it hereby is **ORDERED** that the Motion is granted and the Objection is overruled; and it is further

**ORDERED** that the court determines that the Property constitutes "single asset real estate" within the purview of Bankruptcy Code § 101(51B).

Dated: May 29, 2008                                              BY THE COURT

*Lorraine Murphy Weil*
**Lorraine Murphy Weil**
**United States Bankruptcy Judge**